# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LORENZO SANTIAGO SALAS,<br><br>Plaintiff,<br><br>v.<br><br>PPG ARCHITECTURAL FINISHES, INC., a Delaware Corporation, HOFAX PRODUCTS, INC., a Washington Corporation, JOHN DOES 1-4,<br><br>Defendants. | Case No. C17-1787RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

This matter comes before the Court on Plaintiff Lorenzo Santiago Salas' Motion for Remand, Dkt. #6. Plaintiff moves the Court for an order remanding this action to King County Superior Court "because defendant Homax Products Inc. is a citizen of the State of Washington for purposes of diversity jurisdiction."[1] *Id.*

This case was originally filed in King County Superior Court on November 7, 2017. Dkt. #1-1. Plaintiff claims he was injured on or about November 23, 2016, while using a product marked as "Homax Wall Texture with Orange Peel Finish." *See* Dkt. #1-1 at 4–5. Defendant PPG removed on November 29, 2017, citing diversity jurisdiction. Dkt. #1. The parties agree that Plaintiff Lorenzo Santiago Salas resides in Pierce County, Washington. *Id.*

---

[1] The parties appear to agree that Defendant Homax Products, Inc. was misidentified as "Hofax Products, Inc." in the caption. *See* Dkt. #1 at 2.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND - 1

The parties also agree that Defendant PPG is not a Washington citizen for purposes of diversity. However, the parties disagree about Defendant Homax's citizenship and its effect on diversity jurisdiction. PPG states in its Notice of Removal that Homax is "an inactive corporation which was acquired by [PPG]," but that when Homax was an active corporation "it was registered as a Delaware corporation with its principal place of business in Bellingham, Washington." *Id.* at 2–3.

Plaintiff Salas argues in this Motion that Homax is a citizen of Washington State for purposes of diversity jurisdiction. Salas cites to evidence that Homax filed for dissolution with the Washington State Secretary of State on October 11, 2016. Dkt. #6 at 3 (citing Dkt. #6-1 at 56). Salas argues that, under RCW 23B.14.340, a claim against a corporation survives that corporation's dissolution as long as it was filed within 3 years from the effective date of the dissolution. *Id.* Thus, according to Plaintiff, the fact that Homax filed for dissolution in 2016 does not have an effect on the claim, as it was filed within Washington's statutory time limits.

In Response, PPG argues that "[b]ecause Homax merged into [PPG] in 2014, Homax ceased to be a corporeal entity, and therefore is not a Washington citizen for the purpose of jurisdiction." Dkt. #9 at 3. PPG argues that under Washington law, unless stated otherwise, a surviving corporation acquires all of the assets and liabilities of the non-surviving corporation party to the merger. *Id.* (citing RCW 23B.11.060(1)). PPG cites to *Meadows v. Bicrodyne Corp.*, 785 F. 2d 670, (9th Cir. 1986) as a case on point. PPG argues that RCW 23B.14.340, cited by Salas, "permits a claim to be brought against a dissolved Washington corporation up to three years after notice of dissolution," but does not "alter how a corporation purchases the assets and liabilities of one corporation and merges it into the surviving purchaser." *Id.* at 4.

ORDER DENYING PLAINTIFF'S MOTION FOR REMAND - 2

On Reply, Salas argues that the Court should not consider evidence submitted by PPG showing that the merger occurred in 2014. Dkt. #12. Salas argues that "since Homax, a corporation with a primary place of business in Washington State at the time of its dissolution, filed for dissolution in October 2016, under 238.14.340 claimants can still sue that Washington corporation during the statutory period." *Id*. at 3. However, Salas does not address *Meadows*, *supra*. Salas does not address PPG's argument that it acquired the liabilities of Homax at the time of the merger.

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). For the purposes of the diversity jurisdiction statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…" 28 U.S.C. § 1332(c)(1). Jurisdiction under Section 1332 requires complete diversity of citizenship, so each plaintiff must be diverse from each defendant. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005). Typically it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)).

Strictly construing the removal statute against removal jurisdiction, the Court nonetheless finds that PPG has met its burden of establishing that removal was proper. PPG's basis for removal is relatively simple. Although Homax would have been a citizen of Washington State prior to its dissolution and merger into PPG, this dissolution occurred prior to Plaintiff Salas' cause of action accruing and prior to suit. By Washington statutes, Salas can pursue a claim against Homax for up to three years after its dissolution, but that claim is a liability acquired by PPG. *See* RCW 23B.11.060(1). Plaintiff Salas does not address this argument or the support found in *Meadows*, *supra*. The Court agrees that *Meadows* is on point and dispositive. Given all of the above, the Court will deny this Motion.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Salas' Motion to Remand (Dkt. #6) is DENIED.

DATED this 13 day of February, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE