UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORENZO SANTIAGO SALAS,<br><br>Plaintiff,<br><br>v.<br><br>PPG ARCHITECTURAL FINISHES, INC., a Delaware Corporation, HOFAX PRODUCTS, INC., a Washington Corporation, JOHN DOES 1-4,<br><br>Defendants. | Case No. C17-1787RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND EXTENDING DEADLINES |

This matter comes before the Court on Plaintiff Lorenzo Santiago Salas' Motion for Leave to File Amended Complaint. Dkt. #14. Plaintiff moves the Court for leave to amend his Complaint to add a defendant, to correct a scrivener's error, and to edit the legal claims. *Id.* Plaintiff also requests the Court extend the deadlines for joining additional parties and amending the pleadings to June 1, 2018. *Id.* No opposition has been filed by Defendants.

Pursuant to Fed. R. Civ. P. 15(a)(2), a "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether

plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013).

The Court finds that good cause exists for granting the requested relief given the procedural posture of this case and Plaintiff's diligent efforts to determine through discovery the proper parties to be joined. There is no reason to believe Defendants will be prejudiced by this amendment or the extension of deadlines.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff Salas' Motion for Leave to Amend Complaint (Dkt. #14) is GRANTED.
2) Plaintiff shall file his Proposed Amended Complaint, Dkt. #14-2, and serve it on Defendants **within fourteen (14) days of this Order**.
3) The deadline for joining additional parties is extended to June 1, 2018.
4) The deadline for amending pleadings is extended to June 1, 2018.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND EXTENDING DEADLINES - 2

DATED this 2 day of May, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND EXTENDING DEADLINES - 3