UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORENZO SANTIAGO SALAS,<br><br>Plaintiff,<br><br>v.<br><br>PPG ARCHITECTURAL FINISHES, INC., a Delaware Corporation, HOFAX PRODUCTS, INC., a Washington Corporation, JOHN DOES 1-4,<br><br>Defendants. | Case No. C17-1787RSM<br><br>ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENA |

This matter comes before the Court on Plaintiff Lorenzo Santiago Salas's Motion for Protective Order and to Quash or Modify Subpoena. Dkt. #28.

A full background of this discovery dispute is unnecessary. This is a products-liability action in which the plaintiff alleges a spray can exploded in his hands, causing injury. *See* Dkt. #19 at 4. GT Engineering was retained as consulting experts by Plaintiff. Dkt. #28-1 at 2. Defendants mailed a subpoena to GT Engineering seeking "all records, files, correspondence, notes, test results, objects, and spray texture can that is the subject of this lawsuit." *Id.* at 12. Defendants emailed a copy of that subpoena to Plaintiffs. GT Engineering apparently had possession of the can for testing purposes. Plaintiff stated in initial disclosures and in interrogatory responses that GT Engineering "may… testify." Dkt. #30-1 at 8 and 13.

ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENA - 1

The Court has reviewed the briefing of the parties and submitted declarations, and is disappointed that the parties have been unable to resolve this relatively simple dispute. The parties appear more interested in highlighting each other's perceived procedural errors than in properly exchanging information.

It is not clear how Plaintiff has been prejudiced by Defendants serving the subpoena request to Plaintiff via email given the history of communications between the parties. However, giving Plaintiffs the benefit of the doubt as to whether GT Engineering was a consulting expert rather than a testifying expert at the time of the original subpoena, Defendants have not shown exceptional circumstances to justify production of GT Engineering's expert opinions and conclusions. Because GT Engineering had possession of the can at issue, Defendants may ask factual questions about chain-of-custody.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Salas's Motion for Protective Order and to Quash or Modify Subpoena, Dkt. #28, is GRANTED. Defendant shall issue a new subpoena seeking only factual, chain-of-custody information. The parties shall attempt in good faith to enter a joint agreement before Defendant conducts any destructive testing.

DATED this 13 day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND TO QUASH OR MODIFY SUBPOENA - 2