UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORENZO SANTIAGO SALAS,<br><br>Plaintiff,<br><br>v.<br><br>PPG ARCHITECTURAL FINISHES, INC., a Delaware Corporation, HOFAX PRODUCTS, INC., a Washington Corporation, JOHN DOES 1-4,<br><br>Defendants. | Case No. C17-1787RSM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant PPG Architectural Finishes, Inc.'s ("PPG")'s Motion for Protective Order. Dkt. #35. PPG seeks an order from the Court protecting it from "unreasonable discovery demands by plaintiff relative to his notices of [Rule 30(b)(6)] depositions of PPG." *Id*. at 1. Plaintiff Lorenzo Santiago opposes this Motion. Dkt. #37.

A full background of this discovery dispute is unnecessary. This is a products-liability action in which the plaintiff alleges an aerosol spray can exploded in his hands, causing injury. *See* Dkt. #19 at 4.

PPG contends that the 30(b)(6) topics proposed by Plaintiff are overly broad and unduly burdensome because they ask about the manufacturing of the can, which PPG did not do, and

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 1

which "PPG has little to no insight or opinions on." Dkt. #35 at 2. PPG believes other parties and nonparties are more likely to have answers to Plaintiff's questions. *Id*. at 5.

In Response, Plaintiff argues that its topics for deposition meet the relevancy standard of Rule 26(b)(1), that Plaintiff is seeking knowledge of PPG *and* the company Homax that PPG acquired, and that, under Washington law, PPG's "*lack* of knowledge about how testing is done, the result of testing and the accuracy and appropriateness of warnings or instructions is relevant evidence on liability as if PPG were the actual manufacturer." Dkt. #37 (emphasis added).

On Reply, PPG argues, *inter alia*, that this deposition is being used for harassment and it will drive up the costs of litigation. *See* Dkt. #38 at 2.

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" *Id*. "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

The Court has reviewed the briefing of the parties and submitted declarations, and is once again disappointed that the parties have been unable to resolve this dispute. The parties appear more interested in highlighting each other's perceived procedural errors than in properly exchanging information.

The Court finds PPG has failed to demonstrate good cause for a protective order. PPG, as a defendant in this case, must have expected to participate in a 30(b)(6) deposition. Such a

deposition is not harassment; the costs of such a deposition are to be expected. If Plaintiff asks questions that PPG has "little to no insight or opinions on," it is free to so answer. This may result in a shorter deposition than originally expected. In any event, most of the topics Plaintiff intends to inquire about appear to be relevant and answerable for the reasons articulated in Plaintiff's briefing.

Plaintiff's request for attorneys' fees under Rule 37(a) is denied. The Court finds that PPG's efforts to limit the topics of deposition were in part an effort to streamline discovery in this case and were therefore substantially justified.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Defendant PPG's Motion for Protective Order, (Dkt. #35) is DENIED.

DATED this 31 day of October, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER - 3