UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORENZO SANTIAGO SALAS,

Plaintiff,

v.

PPG ARCHITECTURAL FINISHES, INC., a Delaware Corporation, et al.,

Defendants.

Case No. C17-1787RSM

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Defendants PPG Architectural Finishes, Inc. and Shield Packaging of California, Inc.'s Motion for Summary Judgment. Dkt. #42. Plaintiff Lorenzo Santiago Salas opposes. Dkt. #46.

## II. BACKGROUND

A full background of this case is unnecessary. This is a products-liability action in which the Plaintiff alleges a 20-ounce can of Homax Wall Texture with Orange Peel Finish exploded in his hands, causing injury to his eyes. *See* Dkt. #19 at 4. The explosion occurred after Plaintiff has submerged the can in a sink of water to warm the product and proceeded to shake the can. Defendants PPG and Shield Packaging both had some hand in designing,

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 1

manufacturing, and placing warning labels on this product. *See* Dkt. #43 at ¶¶ 2–4. The parties appear to agree on these basic facts. *See* Dkt. #42 at 3–4.

The instructions on the side of the can state "[f]or a finer texture, run can under warm water" and to "shake can vigorously for one minute." Dkt. #44 at 28. These instructions are written in English and Spanish. *Id*. The label also warns "**DANGER!**... **CONTENTS UNDER PRESSURE**," "[a]void prolonged exposure to sunlight and other heat sources that may cause bursting," "[d]o not puncture, incinerate, burn or store above 120°F," and "[w]ear safety glasses or goggles." *Id*. (emphasis in original). Despite other portions of the label being in both languages, these warnings are in English and are not repeated in Spanish. *Id*.

Plaintiff Salas had been using this product continuously as part of his job for the last seven years. He regularly warmed the product in water in a sink. On two prior occasions, the can had exploded in the sink without harming him, although on one occasion it had damaged a cabinet. *See* Dkt. #45 at 9–10.

Plaintiff brings a claim under Washington's Product Liability Act, RCW 7.72 et seq. against the manufacturers of Homax: PPG Architectural Finishes and Shield Packaging. Dkt. #19. Plaintiff alleges, *inter alia*, that the can was not reasonably safe in design and construction, that it could more easily explode than an ordinary consumer would have understood, and that the can had inadequate warnings and instructions regarding the risk of explosion and resulting harm. *Id*. at 5–6 (citing RCW 7.72.030).

### III.  DISCUSSION

**A. Legal Standard for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

### B. Issues Raised Other than Summary Judgment

As an initial matter, Defendants appear to raise several issues other than summary judgment in this Motion. Defendants attack the sufficiency of Plaintiff's pleadings, citing *Ashcroft v. Iqbal*, 556, U.S. 662 (2009. Dkt. #42 at 3. However, Defendants cannot seek relief under Rule 12(b(6, having already answered the Complaint. *See* Fed. R. Civ. P. 12(b, Dkts. #21 and #25.

Defendants also seek discovery sanctions against Plaintiff for "willfully conceal[ing] the physical evidence in this case…" Dkt. #42 at 3. Specifically, Defendants request the Court: prohibit Plaintiff from using the spray can, "any evidence derived from the can," and certain photographs at trial; decree that the can's design, manufacture and warnings were not

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 3

defective; decree that Plaintiff was not wearing safety glasses at the time of the accident; and consider other sanctions. *Id*. at 21. These are not issues typically raised within a motion for summary judgment, and would more typically be heard in a motion or motions in limine. The Court denies Defendants' request to declare at trial that Plaintiff was not wearing safety glasses, as the Court concludes such is tangential to the alleged discovery violation. The Court denies the request to declare that the can's design, manufacture, and warnings were not defective, as that is essentially the ultimate issue in this case and too severe a sanction for the alleged discovery violation. The remaining requests are properly briefed and addressed in a motion or motions in limine and will be deferred for now.

All other disputes between the parties as to evidence can be raised in motions in limine, and may be irrelevant given the following rulings of the Court.

**C. Genuine Disputes of Material Fact Preclude Summary Judgment**

The Court need not address every fact and legal contention raised in briefing, because genuine disputes as to material facts permeate this case and preclude summary judgment on all of Plaintiff's claims.

Under Washington's Product Liability Act, RCW 7.72, for Plaintiff to succeed on a defective design claim he must show (1 a manufacturer's product (2 not reasonably safe as designed (3 caused harm to the Plaintiff. The second element can be met via the consumer expectation standard, *i.e.* a showing that the product was more dangerous than the ordinary consumer would expect. *See Pagnotta v. Beall Trailers of Oregon, Inc.,* 99 Wn. App. 28, 36, 91 P.2d 728 (2000. The same standard is available for a defective construction claim or an inadequate warning claim. *See* Comments to WPI §§ 110.01 and 110.03.

Given the facts above, the ordinary consumer would not expect this can to explode causing injury after being submerged in warm water. The Court finds that if Plaintiff was wearing safety glasses and submerging the can in warm water below 120 degrees Fahrenheit, his claims can survive summary judgment. Plaintiff does not need expert testimony to support his claims. *See Pagnotta*, 99 Wn. App. at 39. Plaintiff's own testimony that he was wearing safety glasses[1] creates a question of fact; he does not need to produce the glasses or have other witnesses testify that he was wearing glasses to survive summary judgment. Any doubt as to the veracity of his testimony can be addressed on cross-examination. Plaintiff's testimony that he placed the can in warm water[2] could be interpreted by a reasonable juror as conforming to the instructions on the can, which state that the can must be kept below 120 degrees Fahrenheit. The Court *must* draw the reasonable inference in favor of Plaintiff that the "warm" water was below 120 degrees. The jury is free to reach their own conclusion as to this factual issue.

Plaintiff's inadequate warnings claim similarly survives summary judgment, as it is a question of fact how the reasonable consumer would interpret the instructions and warnings advising the user to warm the can under water but not to expose the can to a temperature above 120 degrees Fahrenheit. As Plaintiff states, "[i]f the jury agrees with defendants' position that the can exploded because plaintiff "put the wall texture can in warm/hot water" (Def. Mot., p. 3), but disagrees that the can temperature exceeded 120F then the jury could reasonably find the warnings/instructions do not fairly convey the risks of the can reaching temperatures less than 120F." The Court agrees, and therefore will deny summary judgment on this claim as well.

---

[1] *See* Salas Deposition, Dkt. #45 at 13 ("…I was wearing safety glasses…").
[2] *See* Salas Deposition, Dkt. #45 at 12 ("I placed the can in warm water…").

ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT - 5

None of Defendants' remaining arguments justify summary judgment. Of most concern to the Court is the issue of Plaintiff's awareness of the hazard. *See* Dkt. #42 at 12 (citing *Soproni v. Polygon Apartment Partners*, 137 Wn.2d 319, 326, 971 P.2d 500 (1999); *Thongchoom v. Graco Children's Products, Inc.*, 117 Wn. App. 299, 305-08, 71 P.3d 214 (2003)). However, taking all the facts in light of Plaintiff as the nonmoving party, there is a genuine dispute as to Plaintiff's awareness of the hazard at issue here—a can exploding in his hand causing injury—versus the prior experiences of Plaintiff, where a can exploded while being submerged in hot water. This will remain as an issue for the jury to consider.

The Court notes that Plaintiff has stated that he is "not seeking putative [sic] damages and thus does not dispute defendants' position regarding such damages." Dkt. #46 at 14 n.6. Punitive damages will not be available at trial.

### IV. CONCLUSION

Having reviewed the relevant briefing, attached declarations, and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion for Summary Judgment (Dkt. #42) is DENIED. Punitive damages will not be available at trial.

DATED this 4th day of January 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE