UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORENZO SANTIAGO SALAS,

Plaintiff,

v.

PPG ARCHITECTURAL FINISHES, INC., a Delaware Corporation, HOFAX PRODUCTS, INC., a Washington Corporation, JOHN DOES 1-4,

Defendants.

Case No. C17-1787 RSM

ORDER RE: MOTIONS IN LIMINE

## I.   INTRODUCTION

This matter comes before the Court on Defendants PPG Architectural Finishes, Inc. and Shield Packaging of California, Inc.'s Motions in Limine, Dkt #49, and Plaintiff Lorenzo Santiago Salas's Motions in Limine, Dkt #50. These Motions are GRANTED and DENIED as set forth below.

## II.   DEFENDANTS' MOTIONS IN LIMINE

1. Defendants seek to exclude testimony from undisclosed experts and expert opinions not properly disclosed, specifically testimony of any medical expert or testimony segregating damages between Plaintiff's preexisting cataracts and the eye damage he claims as a result of the exploding can of wall texture at issue in this case. Dkt. #59 at

ORDER RE: MOTIONS IN LIMINE - 1

2. Plaintiff generally agrees with this Motion in Limine, but argues that Defendants are the ones who have the obligation to show a preexisting condition is responsible for his eye damage. Dkt. #54 at 2. The Court will not rule at this stage whether one party or another has met their burden for demonstrating causation or damages. Given that the parties agree to this Motion in principle, this Motion is GRANTED.

2. Defendants move to exclude "opinion on the state of the law, conclusions of law, or any legal standards" offered by experts. Dkt. #49 at 2. The Court agrees in the sense that it is for the Court and not an expert to instruct the jury as to the law. Defendants go further and ask that expert witnesses refrain from using the phrases "duty," "obligation," "responsibility," or "charged with." *Id*. at 3. Plaintiff does not respond to this additional request, and the Court finds that it is generally acceptable. Accordingly, this Motion is GRANTED.

3. Defendants move to exclude Plaintiff's expert Joellen Gill under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). Dkt. #49 at 4–7. Federal Rule of Evidence 702 provides that a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

   (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
   (b) the testimony is based on sufficient facts or data;
   (c) the testimony is the product of reliable principles and methods; and
   (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, the trial court acts as a gatekeeper and ensures that the proffered scientific testimony meets certain standards of both relevance and reliability before it is admitted. *Daubert, supra*. The party proffering expert testimony has the burden of

ORDER RE: MOTIONS IN LIMINE - 2

showing the admissibility of the testimony by a preponderance of the evidence. *Id*. at 592 n.10. "[J]udges are entitled to broad discretion when discharging their gatekeeping function" related to the admission of expert testimony. *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150-53, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999)). The Court considers four factors to determine if expert testimony will assist the trier of fact: "(i) whether the expert is qualified; (ii) whether the subject matter of the testimony is proper for the jury's consideration; (iii) whether the testimony conforms to a generally accepted explanatory theory; and (iv) whether the probative value of the testimony outweighs its prejudicial effect." *Scott v. Ross*, 140 F.3d 1275, 1285-86 (9th Cir. 1998). Because Rule 702 "contemplates a *broad conception* of expert qualifications," only a "*minimal foundation of knowledge, skill, and experience*" is required. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1015-16 (9th Cir. 2004) (emphasis in original) (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)). A "lack of particularized expertise goes to the weight of [the] testimony, not its admissibility." *United States v. Garcia*, 7 F.3d 885, 890 (9th Cir. 1993) (citing *United States v. Little*, 753 F.2d 1420, 1445 (9th Cir. 1984)); *Daubert v. Merrell Dow Pharm., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995). The Court finds that Defendants' arguments as to Ms. Gill's qualifications go to the weight of her testimony, not its admissibility. The trial court must also ensure that the proffered expert testimony is reliable. An expert opinion is reliable if it is based on proper methods and procedures rather than "subjective belief or unsupported speculation." *Daubert* 509 U.S. at 590. The test for reliability "'is not the correctness of the expert's conclusions but the soundness of his

methodology.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert II*, 43 F.3d at 1318). Alternative or opposing opinions or tests do not "preclude the admission of the expert's testimony – they go to the *weight*, not the admissibility." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1231 (9th Cir. 1998). Furthermore, "'[d]isputes as to the strength of [an expert's] credentials, faults in his use of [a particular] methodology, or lack of textual authority for his opinion, go to the weight, not the admissibility, of his testimony.'" *Id.* (quoting *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995)). The Court finds that Ms. Gill's testimony is sufficiently reliable because it is based on a review of the warning labels on the cans, the record as to Plaintiff's actions with the can, and a review of the relevant academic literature. Defendants arguments to the contrary go to weight, not admissibility.

Finally, the Court must ensure that the proffered expert testimony is relevant. As articulated in Rule 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue. *Daubert*, 509 U.S. at 591. Expert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence. In the Ninth Circuit, "[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony." *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986). Expert testimony that merely tells the jury what result to reach is inadmissible. Fed. R. Evid. 704, Advisory Committee Note (1972); *see, e.g.*, *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) ("When an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the

expert's judgment for the jury's."). Here, the Court finds that Ms. Gill's proposed testimony analyzes the warning labels and actions of the Plaintiff through the lens of her knowledge and experience as an expert, and therefore provides appreciable help to the jury. The proposed testimony does not merely tell the jury what result to reach, but describes the academic and scientific research related to the topic of warning labels and the impact on consumers. To the extent that Ms. Gill attempts to offer any testimony that is irrelevant or unsupported by the record, such can be dealt with at trial through objections. Given all of the above, this Motion is DENIED.

4. Defendants move to exclude any evidence or argument showing causation other than insufficient product warnings. Dkt. #49 at 7. Defendants point out that Plaintiff has no expert to testify as to defective design or manufacture and hyperbolically assert "it is now physically impossible for plaintiff to support any theory of causation with admissible evidence, especially design and manufacture." *Id*. The Court has already ruled in its Order on Summary Judgment that Plaintiff need only demonstrate that the product at issue "was more dangerous than the ordinary consumer would expect" to prove defective design or manufacture, and that this element can be established without expert testimony. Dkt. #48 at 4–5. It is not clear from the briefing what evidence or testimony Plaintiff will offer, or whether it will be adequate to convince a jury. The Court will not rule at this stage that Plaintiff's evidence is too speculative to be offered. This Motion is DENIED.

5. Defendants move to exclude any evidence or testimony of other lawsuits or claims involving Homax products other than the one at issue here. Plaintiff responds by highlighting the importance of "two prior explosions recounted by Plaintiff, which

ORDER RE: MOTIONS IN LIMINE - 5

Defendants have repeatedly referenced." Dkt. #54 at 7–8. Prior lawsuits brought by other plaintiffs and the experiences of *this* Plaintiff are different from an evidentiary standpoint. The parties do not appear to be on the same page. The Court finds that Plaintiff's prior experiences with this product, including prior explosions, are relevant and admissible. It is not clear that Plaintiff intends to reference other lawsuits at trial. If necessary, the Court will address the admissibility of such evidence outside the presence of the jury. This Motion is DENIED.

6. The parties agree that the financial condition of either party is not relevant, however Plaintiff asserts that his financial condition may be relevant if the question of his delay in seeking treatment is raised by Defendants. However, Defendants' Motion appears aimed squarely at evidence or argument of their financial condition. This Motion is therefore GRANTED.

7. The parties are prohibited from making any direct or indirect reference to the parties having liability insurance coverage for this case. Plaintiff has not convinced the Court that an indemnity agreement between Defendants PPG and Shield, alluded to but not detailed, is relevant. This Motion is GRANTED.

8. The parties are prohibited from referencing settlement negotiations, offers, or statements made in settlement. *See* FRE 408. This Motion is GRANTED.

9. Defendants move to preclude any "golden rule" argument asking jurors to place themselves in the shoes of a party. Defendants also ask that the Court prohibit statements asking the jury "send a message" by entering a certain verdict. Plaintiff agrees that "golden rule" arguments are improper with respect to damages. Dkt. #54 at 9. Plaintiff cites case law supporting the position that jurors may be asked to act as the

ORDER RE: MOTIONS IN LIMINE - 6

"conscience of the community." *Id*. at 9–10.  The Court agrees with Plaintiff and will permit such arguments.  DENIED IN PART.

10. Defendants move to exclude reference to claims not properly pled by Plaintiff.  The Court has already addressed Defendants' untimely attack of the pleadings.  *See* Dkt. #48.  This Motion is DENIED.

11. The parties agree to not call witnesses not properly disclosed under the rules unless the party's failure was substantially justified or the failure is harmless.  The parties do not discuss specific examples.  This Motion is GRANTED.

12. Defendants move to exclude evidence not properly disclosed in discovery, specifically "the withheld can, photographs, and any other concealed evidence and derivative evidence as Rule 37 requires."  Dkt. #49 at 13.  Defendants cite to arguments previously included in their Motion for Summary Judgment and attached declarations.  *See* Dkts. #42 through #45.  Defendants assert they should still be able to use the can and photographs of the can as required for their case-in-chief, and that the Court should require the Plaintiff to produce the can at trial.  Dkt. #49 at 13.  The Court is convinced that mistakes were made by Plaintiff's counsel in discovery, and that these mistakes prevented Defendants from properly testing the can at issue.  However, the only issue properly before the Court is what evidence or argument is permissible at trial.  Defendants' requested sanction is proper under Rule 37(c)(1)—Plaintiff is not allowed to use the can as an exhibit or any photographs of the can that were not disclosed in discovery.  Defendants' request to otherwise limit Plaintiff's discussion of the can is too vague.  Defendants' request to use the can in their case-in-chief strikes the Court as odd, given that Plaintiffs would then be able to cross examine any Defense witness on the

can, or even have their witnesses speak of the can in Plaintiff's case-in-chief knowing that the jury will be able to examine it at a later point. Effectively, this nullifies the sanction. Plaintiff disagrees with Defendants' characterization of what happened in discovery, but does not otherwise explain why this Motion should not be entered. Given all of the above, this Motion is GRANTED.

13. Defendants move to preclude Plaintiffs from mentioning or speculating on the probable testimony of absent witnesses, citing FRE 802. Plaintiffs oppose this Motion. Neither party cites to any case law. The Court finds Plaintiffs may not speculate as to the testimony of individuals who are not called as witnesses. This Motion is GRANTED.

14. The parties agree to exclude witnesses from the courtroom until after they have testified, except for the parties themselves. This Motion is GRANTED.

15. Defendants move to assert a common procedural rule—that evidence should not be viewed by the jury unless and until it has been admitted into evidence or otherwise approved by the Court. It is the Court's practice to have parties ask to publish exhibits to the jury, allowing an opportunity for objections, and to require parties to move to admit exhibits into evidence if they want the jury to consider those exhibits in deliberations. The parties can show exhibits to a witness without publishing to the jury using the courtroom's computer screens. Plaintiffs are correct that this is not a proper subject for a motion in limine. To the extent a ruling is necessary, this Motion is DENIED except as stated above.

16. The parties agree to provide 24 hours advance notice before calling a witness. This Motion is GRANTED.

ORDER RE: MOTIONS IN LIMINE - 8

17. The parties agree not to make any reference to the Court's rulings on these Motions in Limine or other prior rulings by the Court.  GRANTED.  The parties may object to the admission of evidence or argument contrary to this Order by simply stating that they believe the Court has ruled on the issue previously.

18. Defendants request that "filing of these motions should be deemed sufficient objection for appellate purposes so that they do not have to object to any of these subjects in front of a jury." Dkt. #49 at 16.  The parties need not move at trial on any issue addressed here, unless they believe the other party is violating this Order.  GRANTED IN PART.

### III.  PLAINTIFF'S MOTIONS IN LIMINE

1. Plaintiff moves to exclude the testimony of all of Defendants' experts because Defendants did not submit *any* expert opinion reports as required under Rules 26 and 37. According to Plaintiff, "Defendants claim their experts could not write reports at the time that they were due because the experts had not examined the can at issue in this case." Dkt. #50 at 4.  Plaintiff asserts that declarations submitted by Defendants with their Motion for Summary Judgment do not replace Rule 26(a)(2)(B)'s requirements for adequate expert reports.  Defendants argue that their witnesses are obviously qualified to be experts, and that their experts could not examine the can due to Plaintiff's counsel refusing to produce it.  Dkt. #52 at 1–2.  The Court is not interested in rehashing stale discovery abuse arguments.  Plaintiff is correct that Defendants' experts, if they are going to testify about anything at trial without having seen the can, were required to submit written reports detailing those opinions.  Defendants' failure to provide reports was not justified or harmless, and Plaintiff could very easily be blindsided at trial. However, this analysis does not apply to a defense witness who was not retained to

provide expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(B). Roger Vanderlaan is Defendants' 30(b)(6) witness and was not required to produce an expert report. This witness may testify as to his opinions so long as he is otherwise qualified as an expert. This Motion is GRANTED IN PART as to all of Defendants' expert witnesses except Mr. Vanderlaan.

2. Plaintiff's second Motion essentially asks the Court to dismiss the failure to mitigate affirmative defense "because the defendants have offered no evidence to support such a claim." Dkt. #50 at 7. Defendants respond by challenging Plaintiff's ability to show damages given a previous eye injury. A motion in limine is designed to address evidentiary issues, not to dismiss claims or affirmative defenses. If Defendants have no basis to argue this affirmative defense, they should not allude to it in opening or closing arguments. However, the Court will not now dismiss this claim, or rule on a lack of evidence in a vacuum. This Motion is DENIED.

3. The parties agree to make no reference to Plaintiff's immigration status. This Motion is GRANTED.

4. Plaintiff moves to admit the can at issue. This Motion is DENIED given the rulings above. Defendants may use the can in their case-in-chief.

5. Plaintiff moves to admit pictures of the can disclosed by Plaintiff in discovery. This Motion is GRANTED consistent with the rulings above.

6. Plaintiff moves to exclude references to these Motions in Limine at trial. This Motion is GRANTED consistent with the rulings above.

//

//

ORDER RE: MOTIONS IN LIMINE - 10

## IV. CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the above Motions in Limine (Dkts. #49 at #50) are GRANTED AND DENIED as stated above.

DATED this 31st day of January 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE